UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHINEAS C. BOLDEN,<br><br>          Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. 14-CV-1380-BEN (JMA)<br><br>**REPORT AND RECOMMENDATION RE GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>**[ECF No. 11]** |

On June 5, 2014, Plaintiff Phineas C. Bolden ("Plaintiff") filed a Complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the denial of disability and supplemental security income ("SSI") benefits under the Social Security Act. (Compl. at 1, ECF No. 1.) On August 25, 2014, Defendant Carolyn W. Colvin, Commissioner of Social Security,[1] filed a Motion to Dismiss the Complaint as untimely. (Mot. Dismiss, ECF No. 11.) Plaintiff did not file an opposition to the motion.

The motion was referred to the undersigned on a report and recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

Rule 72.1 c.  The Court finds Defendant's Motion suitable for decision without oral argument, pursuant to Civil Local Rule 7.1 d.1.  For the reasons set forth herein, the Court **RECOMMENDS** Defendant's Motion to Dismiss Plaintiff's Complaint be **GRANTED**.

## I.  BACKGROUND[2]

In applications for SSI and disability insurance benefits filed on March 29, 2011, Plaintiff alleged a disability onset date of May 1, 2008, due to degenerative disc disease, a meniscal tear, hypertension, fibroid tumors, depression, and anxiety.  (Weigel Decl. in Supp. of Mot. Dismiss, Ex. 1 at 4, 7.)  Plaintiff's applications for benefits were denied initially on July 19, 2011.  (Id. at 4.)

On July 26, 2011, Plaintiff requested an administrative hearing.  (Id.)  A hearing was conducted in Moreno Valley, California on May 13, 2013 by Administrative Law Judge ("ALJ") Mark B. Greenberg, who determined on May 16, 2013 that Plaintiff was not disabled.  (Id., Ex. 1.)  Plaintiff requested a review of the ALJ's decision; the Appeals Council for the Social Security Administration ("SSA") denied Plaintiff's request for review on March 27, 2014.  (Weigel Decl., Ex. 2.)  The Appeals Council notice informed Plaintiff that she had 60 days to file a civil action and that this time period would commence 5 days after the date of its letter.  (Id. at 3.)  The notice also informed Plaintiff that if she required additional time to file a civil action, she could send the Appeals Council a written request for an extension of the 60-day deadline.  (Id.)  There is no evidence that Plaintiff requested additional time.  Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) on

---

[2]The following facts are taken from exhibits attached to Defendant's Motion to Dismiss.  As the Defendant has not yet submitted an answer to Plaintiff's Complaint, a certified copy of the administrative record has not been filed in this case.  See 42 U.S.C. § 405(g) (requiring Commissioner to file certified copy of administrative record as part of its answer to complaint).  Plaintiff has not disputed the accuracy of any of these facts.  Accordingly, the Court assumes these facts as true for purposes of resolving the instant motion.

June 5, 2014.  (Compl. at 1.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint on the grounds that it fails "to state a claim upon which relief can be granted."  To state a claim upon which relief can be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss for failure to state a claim, courts may consider not only the allegations of a complaint, but also the exhibits attached thereto and any concessions made by the plaintiff.  Vasquez v. Colvin, 2014 WL 5761133 (C.D. Cal. Nov. 5, 2014) (citing Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)).

Generally, the affirmative defense of statute of limitations is properly raised in a responsive pleading.  Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987).  However, a statute of limitations defense may be raised in a motion to dismiss and a claim may be dismissed as untimely "when the running of the statute is apparent from the face of the complaint."  Id. (citing Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980)); U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013).  "[S]uch a motion to dismiss should be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vernon, 811 F.2d at 1278 (quoting Conerly, 623 F.2d at 119) (internal quotations omitted).

## III. DISCUSSION

Defendant argues Plaintiff's complaint should be dismissed because it was untimely filed.  (Mem. in Supp. of Mot. Dismiss at 2-6.)  Defendant further contends there are no extraordinary circumstances in this case that would justify equitable tolling of the sixty-day statute of limitations period.

(Id. at 6-7.)

**A.    The Sixty-Day Statute of Limitations**

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Hercules Inc. v. United States, 516 U.S. 417, 422 (1996) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)).  Plaintiff's complaint seeks review of a decision by the Commissioner of Social Security denying disability benefits.  This Court's jurisdiction for judicial review of claims arising under Titles II and XVI of the Social Security Act, is pursuant to 42 U.S.C. §§ 405(g) and (h), which provide in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .  The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such a hearing.  No findings of facts or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

Id.  Together, sections 405(g) and (h) operate to constitute a 60-day statute of limitations in which the claimant may appeal a final decision from the Commissioner.  Vernon, 811 F.2d at 1277.  Because the 60-day statute of limitations set forth in 42 U.S.C. 405(g) is a condition of the waiver of sovereign immunity, it must be strictly construed.  Bowen v. City of New York, 476 U.S. 467, 479 (1986).  "Accordingly, courts have dismissed

actions filed only days after the expiration of this statute of limitations." Edmond v. Colvin, 2014 WL 4964309, at *3 (C.D. Cal Aug. 29, 2014) (citing Tate v. United States, 437 F.2d 88 (9th Cir. 1971) (filed two days after expiration of statute of limitations); Atherton v. Colvin, 2014 WL 580167 (C.D.Cal. Feb. 12, 2014) (four days after); Davila v. Barnhart, 225 F.Supp.2d 337 (S.D.N.Y. 2002) (one day after); O'Neill v. Heckler, 579 F.Supp. 979 (E.D. Pa. 1984) (one day after); *see also* Oliver v. Astrue, 2011 WL 2669275 (S.D.Cal. Mar. 28, 2011) (one day after).

Mailing is complete and a claimant is presumed to have received notice of the final administrative decision five days after the date on the notice, unless he can make a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). Therefore, a claimant has 65 days following the date of the Appeals Council's notice of denial to institute a civil action. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see also* Rodgers v. Bowen, 790 F.2d 1550, 1551 (11th Cir. 1986) ("an action is commenced within the meaning of § 405(g) when a complaint is filed with the court").

Here, it is uncontested that the Appeals Council's determination, which represented the final decision of the Commissioner, was dated March 27, 2014. The deadline for Plaintiff to seek review of the Commissioner's decision by filing a civil action was 65 days later, or June 2, 2014.[3] Plaintiff filed her Complaint on June 5, 2014, three days after the statute of limitations had expired. (Compl. at 1.) A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Lazerson v. Colvin,

---

[3] Because the 65th day, May 31, 2014, was a Saturday, Plaintiff's complaint was not due until Monday, June 2, 2014. See Fed. R. Civ. P. 6(a).

2014 WL 967048, at *4 (N.D. Cal. Mar. 6, 2014) (citing <u>Supermail Cargo, Inc. v. United States</u>, 68 F.3d 1204, 1207 (9th Cir. 1995)).  As it is apparent from the face of Plaintiff's complaint that she did not properly file within the prescribed statutory period, the Court **RECOMMENDS** the motion to dismiss be **GRANTED**.

Moreover, a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See* <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995).  Civil Local Rule 7.1 provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1 e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  Civ. L.R. 7.1 f.3.c.  The Court thus **RECOMMENDS** the motion to dismiss be **GRANTED** on this alternative basis.  *See*, *e.g.*, <u>Robinson v. Bank of America, N.A.</u>, 2012 WL 4953104 (S.D. Cal. 2012) (dismissing action pursuant to Civil Local Rule 7.1 for plaintiff's failure to respond to motion to dismiss).

## B.    Equitable Tolling

Defendant argues that there are no circumstances in this case that justify equitable tolling of the statute of limitations period.  (Mem. in Supp. of Mot. Dismiss at 6-7.)  Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations.  *See* <u>Bowen</u>, 476 U.S. at 480-81.  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.  <u>Lazerson</u>, 2014 WL 967048, at *4 (citing <u>Credit Suisse Sec. (USA) LLC v. Simmonds</u>, --- U.S. ----, 132 S.Ct. 1414, 1419 (2012)).  Given that the imitations period must be strictly construed, "[t]he task of showing a basis for equitably tolling the statute of limitations may . . . prove to be daunting."

Vernon, 811 F.2d at 1278.

Plaintiff has not filed an opposition to the motion to dismiss and thus has provided no argument or authority that the statute of limitations should be equitably tolled, and there is no support for equitable tolling on the face of the Complaint itself.  Thus, dismissal is proper as there is no showing that Plaintiff could prevail on the equitable tolling issue.  See, e.g., Lazerson, 2014 WL 967048, at *4 (granting motion to dismiss where allegations in complaint failed to establish potential applicability of equitable tolling doctrine); Middleton v. Astrue, 2010 WL 2219662, at *2 (N.D. Cal. 2010) (same).

In sum, this Court finds that Plaintiff's complaint is time barred by section 405(g) and **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**.

**IV. CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint should be **GRANTED**.

This report and recommendation will be submitted to the Honorable Roger T. Benitez, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before **December 30, 2014**.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the Objections shall be served and filed on or before **January 12, 2015**.  The parties are advised that failure to file objections within the specified time may waive the

//
//
//
//

right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 11, 2014

                                        Jan M. Adler
                                        U.S. Magistrate Judge